FELIX T. WOO (SBN 208107)
fwoo@ftwlawgroup.com
FTW LAW GROUP
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone:   (213) 335-3960
Facsimile:   (213) 344-4498

Special Counsel for Chapter 7 Trustee
CAROLYN DYE

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| SHAOQIANG CHEN, | Bankr. Case No. 2:19-bk-12936-BB |
| Debtor. | Adv. No.: |
| | **TRUSTEE'S COMPLAINT FOR:** |
| CAROLYN DYE, solely in her capacity as the Chapter 7 Trustee for the estate of Shaoqiang Chen, | **(1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND CALIFORNIA LAW** |
| Plaintiff, | **(2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND CALIFORNIA LAW** |
| vs. | **(3) RECOVERY OF AVOIDED TRANSFER (11 U.S.C. § 550(a))** |
| SHAOQIANG CHEN, an individual, and BIN WANG, an individual, | **(4) PRESERVATION OF AVOIDED TRANSFER (11 U.S.C. § 551)** |
| Defendants. | |

Plaintiff Carolyn Dye, solely in her capacity as the Chapter 7 Trustee ("Plaintiff" or "Trustee") for the bankruptcy estate of debtor Shaoqiang Chen, arising out of Bankr. Case No. 2:19-bk-12936-BB (the "Bankruptcy Case"), alleges as follows for an Adversary Proceeding action against defendants Shaoqiang Chen, the debtor in the Bankruptcy Case, and Bin Wang, Mr. Chen's ex-wife, for their fraudulent conveyance of an asset that belonged to Mr. Chen's bankruptcy estate.

1. This action is brought to unwind and declare void the fraudulent transfer of an asset by Defendants with the intent to frustrate the eventual collection efforts of Debtor's creditors.

2. This adversary proceeding is brought under Rules 7001(1) and (2) of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. §§ 105(a), 541(a), 544(b), 546(a), 548(a), 550(a) and 551, and the California Code of Civil Procedure and California Civil Code.

3. This Court has jurisdiction over this adversary proceeding under 28 U.S. C. § 1334(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 149 as this adversary proceeding arises under and is related to a pending Bankruptcy Case in this Court.

**PARTIES**

5. Plaintiff is the duly appointed, acting and qualified Chapter 7 Trustee for the Bankruptcy Case.

6. The Debtor is an individual who commenced the Bankruptcy Court in this Court.

7. Plaintiff is informed and believes and, on that basis, alleges that defendant Bin Wang is the Debtor's ex-wife, and who resides in Los Angeles County..

8. Plaintiff is informed and believes, and, on that basis alleges, that at all material times, the named Defendants and DOES 1-10 were the alter egos, agents, co-conspirators, employees, officers, principals, or representatives of each other, acted in the course and scope of such relationships during the events alleged herein and/or acted in concert with or on behalf of each other in committing the wrongful acts alleged herein.

- 1 -

## THE ARCADIA PROPERTY

9.  Plaintiff is informed and believes, and, on that basis alleges, that Debtor and his ex-wife, Ms. Wang, acquired the real property located at 1221 S. 1st Avenue, Arcadia, California 91106 (the "Arcadia Property") on April 8, 2004. Attached as Exhibit A is a true and correct copy of the Grant Deed dated April 8, 2004.

10.  The Grant Deed states that Debtor and Ms. Wang acquired the property as "[h]usband and [w]ofe as [c]ommunity [p]roperty with the right of [s]urvivorship." *Id*.

11.  Plaintiff is informed and believes, and, on that basis alleges, that on July 16, 2009, the Los Angeles Superior Court issued a Judgment of Dissolution, prepared and submitted by Ms. Bin Wang, a true and correct copy of which is attached as Exhibit B.

12.  The Judgment of Dissolution provides that Debtor's and Ms. Wang's marital status would be terminated as of November 8, 2009. In section 4.o. where property division is ordered, Ms. Wang checked off box 3, and stated "There are no community property assets and no community debts."

13.  Ms. Wang's submission of the proposed Judgment of Dissolution to the Los Angeles Superior Court stating that there were no community property assets was false. At the time, Debtor and Ms. Wang still held title to the Arcadia Property as it had been granted to them. In other words, as community property.

14.  Plaintiff is informed and believes, and, on that basis alleges, that on September 17, 2013, Debtor recorded a Grant Deed for the Arcadia Property stating that "Shao Qian Chen and Bin Wang, Husband and Wife as Community Property with Right of Survivorship hereby grants to Bin Wang, an Unmarried Woman," (which, of course, makes no sense and cannot be true). The Grant Deed further stated that "[t]his is a bonafide gift and the grantor received nothing in return, R&T 11911" confirming that Ms. Wang did not pay Debtor anything of value for this valuable real property (Plaintiff is informed and believes its fair market value exclusive of any legitimate liens is over $2 million). The Grant Deed also confirms that the Debtor and his ex-wife attempted to avoid tax consequences and other requirements by making it appear to be an

- 2 -

inter-family, inter-spousal transfer when, in fact, it was not given the Dissolution that took place more than four years before. A true and correct copy of this Grant Deed is attached as Exhibit C.

15. Plaintiff is informed and believes, and, on that basis alleges, that the Grant Deed was signed on August 13, 2012 (as shown by the notary's stamp and signature of that date) but was not recorded until more than a year later in September 2013.

16. The timing of Debtor's initial execution of his Grant Deed in Exhibit C and when it was recorded – both taking place years after Debtor divorced Ms. Wang – is illuminated by certain debts he incurred around the same time.

## THE DEBTOR INCURS DEBTS WITH CREDITOR QINGDAO YOULI BEGINNING IN AUGUST 2012 THROUGH SEPTEMBER 12, 2013

17. Plaintiff is informed and believes, and, on that basis alleges, that one of the creditors in the Bankruptcy Case is Qingdao Youli Century Guarantee Co., Ltd., a Chinese company engaged in the financial services and lending guaranty business.

18. Plaintiff is informed and believes, and, on that basis alleges, that between August 2012 and September 2013, Debtor, who had limited credit to personally borrow money to fund his business importing seafood from China into the United States, caused several other Chinese individuals and businesses to borrow sums or obtain lines of credit from various Chinese banks and financing companies on Debtor's behalf. Debtor then asked Qingdao Youli to guarantee the repayment of those debts in the event of a default by the borrowers.

19. Plaintiff is informed and believes, and, on that basis alleges, that in each instance of these loans and guarantees, Debtor agreed to be jointly and severally liable on each of these business loans for which he would be secondarily liable, and to be indebted to Qingdao Youli in the event of any default by the borrowers under the loans, which would have triggered Qingdao Youli's guaranty obligations to repay such loans on behalf of those borrowers. In turn, upon Qingdao Youli's payment of its guaranty obligations under these defaulted loans, Debtor would be indebted to Qingdao Youli as a counter-guarantor.

20. Thus, in the same month he began contracting with Qingdao Youli and these third-party borrowers to fund his operations, Debtor executed a Grant Deed transferring the Arcadia

Property to his ex-wife. However, Debtor did not record the Grant Deed at that time for reasons that would become clear a year later.

21. Plaintiff is informed and believes, and, on that basis alleges, that in August 2013, the borrowers who had obtained a line of credit in August 2012 for 10 million RMB (approximately $1.65 million) began to experience financial challenges and would soon default on that line of credit, a fact known to Debtor. As a result of that default, a few months later in December 2013, Qingdao Youli made a guarantee payment on Debtor's behalf of approximately 3.5 million RMB (approximately $576,000).

22. Plaintiff is informed and believes, and, on that basis alleges, that on September 12, 2013, Debtor and several of his "nominee" borrowers entered into several other counter-guarantee contracts with Qingdao Youli for debts totaling over 8 million RMB (approximately $1.3 million).

23. Plaintiff is informed and believes, and, on that basis alleges, that a few days later, on September 17, 2013, Debtor finally recorded the Grant Deed he and Ms. Wang had signed in August 2012.

24. Thus, in August 2013, after he realized that his companies would likely default on the line of credit for which he would owe Qingdao Youli counter-guarantee payments, and after he entered into a series of additional debts on September 12, 2013 (that by the contracts' terms would not be due until early 2014), Debtor went ahead and put out of reach his most substantial asset in the United States – the Arcadia Property – for no consideration to his ex-wife.

25. Plaintiff is informed and believes, and, on that basis alleges, that this scheme to transfer the Arcadia Property to his ex-wife Ms. Wang was a sham because at the time he executed the Grant Deed, and later had it recorded, the Debtor was married to Yiqun Ren, who he discloses as his spouse in this Bankruptcy Case. Moreover, Ms. Ren was also a counter-guarantor to Qingdao Youli on the various loans and lines of credit described above. It is not reasonable that when he had re-married and had a new wife, Ms. Ren, Debtor would grant his most valuable asset – the Arcadia Property – to his ex-wife.

- 4 -

26. Moreover, Ms. Wang omitted the Arcadia Property from the Judgment of Dissolution filed in 2009, which means Debtor still retained a community property interest in it, and that property should be recaptured and retained for the benefit of Debtor's creditors in this case.

## FIRST CLAIM FOR RELIEF

## (AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFER (11 U.S.C. § 544 and CALIFORNIA CIVIL CODE § 3439, et seq.)

27. Plaintiff realleges and incorporates the foregoing allegations as though fully set forth herein.

28. Debtor and Ms. Wang made the transfer of the Arcadia Property with the actual intent to hinder, delay or defraud creditors, including Qingdao Youli.

29. Debtor admittedly did not obtain any consideration for transferring the Arcadia Property to his ex-wife, let alone anything remotely approaching the reasonable value of the asset.

30. Plaintiff is informed and believes, and, based thereon alleges, that Ms. Wang continues to own the Arcadia Property, and has attempted to list it for sale and for rent.

31. Plaintiff seeks the Court's judgment under 11 U.S.C. § 544, which permits the Trustee to rely on any applicable law in seeking to void fraudulent transfers.

32. Here, Debtor and Ms. Wang hid the ownership of the property when they divorced in 2009, and later, at a time he incurred substantial debts to Qingdao Youli, they executed a Grant Deed designed to put that asset out of the reach of Debtor or his new wife Ms. Ren by giving it to Ms. Wang.

33. Debtor filed the Chapter 7 Bankruptcy Case on March 18, 2019. Plaintiff asserts that she, and also creditor Qingdao Youli, were unaware of the existence of Debtor's interest in the Arcadia Property until this "no asset Chapter 7" bankruptcy was initiated, at which time the undersigned counsel, who separately represents Qingdao Youli in a stayed action in this district (Case No. 18-cv-02762-SJO (SSx)) undertook an investigation of Debtor to assess the truthfulness of his disclosures in the Bankruptcy Case and based on his counsel's representation that Debtor had informed him he owned little more than "a minivan" and some personal items.

- 5 -

34. Plaintiff's counsel's investigation, commenced in early April 2019, led to the discovery of the divorce proceedings and the Grant Deed.

35. 11 U.S.C. § 544 allows the Trustee to borrow other statutory recovery mechanisms to bring this claim, including California Civil Code § 3439, et seq.

36. Under California Civil Code § 3439.09, the statute of limitations to void a fraudulent transfer such as the transfer of the Arcadia Property is either four years from the date of the transfer, or, "not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant" as long as it is made "within seven years after the transfer was made."

37. This Adversary Proceeding complaint is being made within the statute of limitations set forth in California Civil Code § 3439.09 as it is made within a year of the claimant (the Chapter 7 Trustee) acting based on the rights of a creditor, Qingdao Youli, who discovered the material facts underlying this complaint only after the Debtor suddenly filed an alleged "no asset" Chapter 7 proceeding on March 18, 2019. There was no reason, nor reasonable expectation, that a Chinese financial company creditor would have known of Debtor's transfer of an asset to his ex-wife prior to even obtaining an enforceable judgment against him.

### FIRST CLAIM FOR RELIEF
### (AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER (11 U.S.C. § 544 and CALIFORNIA CIVIL CODE § 3439, et seq.)

38. Plaintiff realleges and incorporates the foregoing allegations as though fully set forth herein.

39. Plaintiff is informed and believes, and, based thereon alleges, that Debtor's transfer of the Arcadia Property was a transfer of the Debtor's interest in that property.

40. Plaintiff is informed and believes, and, based thereon alleges, that the Debtor received less than the reasonably equivalent value in exchange for transferring the Arcadia Property.

41. Plaintiff is informed and believes, and, based thereon alleges, that at the time Debtor transferred the Arcadia Property, the Debtor was either insolvent or became insolvent as a result of that transfer.

42. Plaintiff is informed and believes, and, based thereon alleges, that at the time Debtor transferred the Arcadia Property, the Debtor intended to (and did in fact) incur personal debts beyond his ability to pay those debts as they became due.

43. Plaintiff seeks the Court's judgment under 11 U.S.C. § 544, which permits the Trustee to rely on any applicable law in seeking to void fraudulent transfers. 11 U.S.C. § 544 allows the Trustee to borrow other statutory recovery mechanisms to bring this claim, including California Civil Code § 3439, et seq.

44. Plaintiff seeks the Court's judgment under 11 U.S.C. § 544, which permits the Trustee to rely on any applicable law in seeking to void fraudulent transfers.

45. This Adversary Proceeding complaint is being made within the statute of limitations set forth in California Civil Code § 3439.09 as it is made within a year of the claimant (the Chapter 7 Trustee) acting based on the rights of a creditor, Qingdao Youli, who discovered the material facts underlying this complaint only after the Debtor suddenly filed an alleged "no asset" Chapter 7 proceeding on March 18, 2019. There was no reason, nor reasonable expectation, that a Chinese financial company creditor would have known of Debtor's transfer of an asset to his ex-wife prior to even obtaining an enforceable judgment against him.

### THIRD CLAIM FOR RELIEF
### (RECOVERY OF AVOIDED TRANSFER (11 U.S.C. § 550(a)))

46. Plaintiff realleges and incorporates the foregoing allegations as though fully set forth herein.

47. Plaintiff is informed and believes, and, based thereon alleges, that the Debtor's transfer of the Arcadia Property is avoidable pursuant to 11 U.S.C. § 544 and California Civil Code § 3439, et seq.

48. Plaintiff seeks the Court's judgment declaring the avoided transfer is recoverable from the defendant Ms. Wang under 11 U.S.C. § 550(a).

- 7 -

## FOURTH CLAIM FOR RELIEF

## (PRESERVATION OF AVOIDED TRANSFER (11 U.S.C. § 551))

49. Plaintiff realleges and incorporates the foregoing allegations as though fully set forth herein.

50. Plaintiff is informed and believes, and, based thereon alleges, that the Debtor's transfer of the Arcadia Property is avoidable pursuant to 11 U.S.C. § 544 and California Civil Code § 3439, et seq.

51. Plaintiff is informed and believes, and, based thereon alleges, that the Debtor's interest in the Arcadia Property is property of the estate under 11 U.S.C. §§ 541(a)(3) and (a)(4).

52. Plaintiff seeks the Court's judgment declaring the avoided transfer are preserved for the benefit of the estate.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1. On the First and Second Claims for Relief, judgment in favor of Plaintiff for avoidance of the Debtor's transfer of the Arcadia Property;

2. On the Third Claim for Relief, judgment in favor of Plaintiff for recovery from Defendants of the avoided Property;

3. On the Fourth Claim for Relief, judgment in favor of Plaintiff for preservation of the Debtor's interest in the Arcadia Property that is avoided.

4. For prejudgment interest as allowable by law.

5. For costs of suit and attorneys' fees as allowable by law.

6. For such other relief as the Court deems proper.

Dated: March 4, 2020                                   FTW LAW GROUP

By: _____
Special Counsel for Chapter 7 Trustee
Carolyn Dye

- 9 -

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** Carolyn Dye, solely in her capacity as the Chapter 7 Trustee for the estate of Shaoqiang Chen | **DEFENDANTS** Shaoqiang Chen, an individual, and Bin Wang, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Felix T. Woo, FTW Law Group 601 South Figueroa Street, Suite 4050 Los Angeles, CA 90017 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☒ Trustee | **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

The Chapter 7 Trustee seeks to avoid, preserve and recover the debtor's assets that were the subject of fraudulent transfers under federal law (11 USC section 544, 550(a) and 551) and state law.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other sections 544, 550(a) and 551   **1-4**

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Shaoqiang Chen |||  BANKRUPTCY CASE NO.<br>2:19-bk-12936-BB ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California ||  DIVISION OFFICE<br>Los Angeles || NAME OF JUDGE<br>Hon. Sheri Bluebond |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Felix Woo* |||||
| DATE<br>March 4, 2020 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Felix T. Woo, FTW Law Group ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.